UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE, FLORIDA
Case No. 21-60848-CIV-ALTMAN/HUNT

STATE OF FLORIDA

        Plaintiff,

v.

GANT CARUTHERS

        Defendant.
_____/

**REPORT AND RECOMMENDATION**

This matter is before this Court on an Application to Proceed in District Court Without Prepaying Fees or Costs, filed by Gant Caruthers[1] on April 20, 2021. ECF No. 3. The Honorable Roy K. Altman referred this motion to the undersigned United States Magistrate Judge for a Report and Recommendation. *See* 28 U.S.C. § 636(b); S.D. Fla. Mag. R. 1. Having carefully reviewed Gant's Application, the court file, and applicable law, the undersigned respectfully recommends Gant's Motion be DENIED and the case DISMISSED.

Courts follow a two-step process when determining whether a pro se litigant should be permitted to proceed in forma pauperis: first, a determination must be made whether the litigant qualifies by economic status, 28 U.S.C. § 1915(a)(1);[2] and second, the court

---

[1] The undersigned notes that there are discrepancies in the filings as to whether Applicant's name is "Gant Caruthers" or "Caruthers Gant." As Applicant appears to have identified himself as "Caruthers Gant," see ECF No. 4, the undersigned will use this name.

[2] Although § 1915(a)(1) uses the phrase "prisoner possesses," the in forma pauperis statute is not limited to prisoner suits. *E.g., Haynes v. Scott*, 116 F.3d 137, 140 (citing *Floyd v. USPS*, 105 F.3d 274, 276 (6th Cir. 1997)); *see also Powell v. Hoover*, 956 F. Supp. 564, 566 (M.D. Pa. 1997).

must determine whether the cause of action stated in the complaint is "frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B). Dismissals on these grounds are often made by the court on its own accord prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints.  *See Phillips v. Mashburn*, 746 F.2d 782, 784 (11th Cir. 1984); *see also Franklin v. Murphy*, 745 F.2d 1221, 1226 (9th Cir. 1984).

As for the initial inquiry, Gant's application indicates he has no income, nor does he note any valuable assets.  ECF No. 3. Accordingly, the undersigned concludes that Gant's affidavit establishes the economic criteria to proceed in forma pauperis.

As Gant's Application passes the first step, the undersigned must review the cause of action on its merits. Here, the application falters. Although "a court must liberally construe the [pro se litigant's] allegations…. [T]his duty to construe a pro se litigant's pleadings liberally does not require the Court to act as an attorney for the pro se party or obligate the Court to rewrite a deficient pleading." *Banks v. Fla*., No. 219CV756FTM38NPM, 2019 WL 7546620, at 2 (M.D. Fla. Dec. 17, 2019), *report and recommendation adopted*, No. 219CV756FTM38NPM, 2020 WL 108983 (M.D. Fla. Jan. 9, 2020). "Pro se litigants are also required to conform to the procedural rules." *Id.*  Gant's initial filing consists of little more than a disjointed collection of writings and forms that falls woefully short of what is required.

Assuming, *arguendo*, that procedural deficiencies could be overcome, Gant's application would nonetheless still fail.  As best as the undersigned can determine, Gant seeks dismissal of a criminal case that is currently pending against him in state court.

Apparently, Gant asks this Court to determine that the State of Florida has no jurisdiction over him in the underlying criminal case because, although he acknowledges that he is "a living man of Florida being one of the people," ECF No. 1 at 6, he believes the state court lacks jurisdiction to prosecute him as he is "Non-Citizen Nation," ECF No. 1 at 2, and a "sovereign of a nation of one, citizen of the kingdom of heaven, ex officio member of the federal government." ECF No. 1 at 4.

The undersigned notes that Gant's filings are "replete with 'the legal-sounding but meaningless verbiage commonly used by adherents to the so-called sovereign citizen movement.'" *Banks,* 2019 WL 7546620, at 1 *(quoting Sealey v. Branch Banking and Trust Co.*, Case No. 2:17cv785-MHT-SMD, 2019 WL 1434065, at *2 (M.D. Ala. Feb. 21, 2019)) (footnote omitted). However, "the arguments and legal theories espoused by sovereign citizens have been consistently rejected as 'utterly frivolous, patently ludicrous, and a waste of . . . the court's time, which is being paid by hard-earned tax dollars.'" *Id.* (quoting *Young v. PNC Bank, N.A.*, No. 3:16cv298/RV/EMT, 2018 WL 1251920, at *2 (N.D. Fla. Mar. 12, 2018)). "[F]ederal circuit and district courts throughout the country routinely deny IFP status and order or affirm, as the case may be, the *sua sponte* dismissal of such cases." *Id.* (citing *Trevino v. Florida*, 687 F. App'x. 861, 862 (11th Cir. 2017); *Carroll v. Moorehead*, 710 F. App'x. 346, 347 (10th Cir. 2018); *West v. Bornunda*, 698 F. App'x. 224, 225 (5th Cir. 2017); *Moose v. Krueger*, No. 16-3954, 2017 WL 3597723 at *1 (7th Cir. Apr. 4, 2017)).

As Gant's arguments and legal theories consist largely of arguments common to the sovereign citizen movement, his IFP request should be denied, and the case dismissed.

Accordingly, it is hereby RECOMMENDED that:

Gant's Application, ECF No. 3, be DENIED, and the case be DISMISSED.

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3–1 (2016); *see Thomas v. Arn*, 474 U.S. 140 (1985).

DONE AND SUBMITTED at Fort Lauderdale, Florida this 13th day of May 2021.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies Furnished to:

The Honorable Roy K. Altman

Caruthers Gant
2500 E. Las Olas Blvd #406
Fort Lauderdale, FL 33301
PRO SE