UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-cv-60848-ALTMAN/Hunt

**GANT CARUTHERS**,

    *Plaintiff*,

v.

**STATE OF FLORIDA**,

    *Defendant*.

_____/

### ORDER ADOPTING REPORT & RECOMMENDATION AND DISMISSING CASE

The Plaintiff, Gant Caruthers, filed a Notice of Removal [ECF No. 1], consisting of a handful of incoherent writings and forms, which appear to seek dismissal of an ongoing criminal case in Florida state court. Caruthers then filed a Motion to Proceed *In Forma Pauperis* ("IFP Motion") [ECF No. 3] because he had not paid the filing fee. The Court referred the IFP Motion to Judge Hunt, who issued a Report and Recommendation ("Report") [ECF No. 6], suggesting that the case be dismissed under 28 U.S.C. § 1915.

Since Caruthers is proceeding *in forma pauperis*, his case must be dismissed under § 1915 if the Court "determines that the complaint fails to state a claim on which relief may be granted." *Wright v. Miranda*, 740 F. App'x 692, 694 (11th Cir. 2018) (citing 28 U.S.C. §§ 1915A(b)(1), 1915(e)(2)(B)(ii)). To state a viable claim, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While a plaintiff need not set out "detailed factual allegations," a complaint will not suffice if it "tenders naked assertions devoid of further factual enhancement." *Id.* (internal alterations and quotation marks omitted).

Judge Hunt concluded that Caruthers' disjointed writings and forms failed to satisfy the pleading requirements of the Federal Rules. *See* Report at 2–3. Judge Hunt also found that, even if

those procedural deficiencies could be remedied, Caruthers' claim that the State of Florida lacks jurisdiction to prosecute him because he is a "Non-Citizen Nation" is the kind of "sovereign citizen" suit that courts routinely dismiss as frivolous. *See id.* (collecting cases involving sovereign-citizen dismissals). Accordingly, Judge Hunt recommended dismissal and ended with the following notice to Caruthers:

> Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. FLA. MAG. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3–1 (2016); *see Thomas v. Arn*, 474 U.S. 140 (1985).

*Id.* at 3–4.

Rather than object to the Report, Caruthers filed a Notice of Appeal [ECF No. 7], which says absolutely nothing about the Report's findings or conclusions, *see generally id.* Instead, the Notice is "replete with 'the legal-sounding but meaningless verbiage commonly used by adherents to the so-called sovereign citizen movement.'" *Banks v. Fla.*, 2019 WL 7546620, at 1 (M.D. Fla. Dec. 17, 2019), *report and recommendation adopted*, 2020 WL 108983 (M.D. Fla. Jan. 9, 2020) (quoting *Sealey v. Branch Banking and Trust Co.*, 2019 WL 1434065, at *2 (M.D. Ala. Feb. 21, 2019)). As of this writing, then, fourteen days have passed since the Report was issued, and Caruthers hasn't filed anything resembling a proper objection. *See generally* Docket.

Because Caruthers has not properly objected to the Report, the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged that Congress' intent was to require a *de novo* review only where objections have been properly filed—and not when neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district

court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

This Court has carefully reviewed the Report and can find no clear error in it. The Notice of Removal is frivolous on its face and mostly incomprehensible. Accordingly, the Court hereby **ORDERS and ADJUDGES** as follows:

1. The Report [ECF No. 1] is **ADOPTED**.
2. The IFP Motion [ECF No. 3] is **DENIED**.
3. The Case is **DISMISSED**.
4. The Clerk is shall **CLOSE** the case. All pending deadlines and hearings are **TERMINATED**, and any pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Fort Lauderdale, Florida this 3rd day of June 2021.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record